This matter was submitted upon stipulation of facts from which it appears that A.S. Weston Company, the defendant, was a brokerage house commonly known as a "bucket shop," operating in the city of Newark. In September, 1934, proceedings were taken by the attorney-general of the state which resulted in the appointment of Walter S. Buswell as receiver under the New Jersey Securities act. P.L. 1927 p. 138, as amended and supplemented.
Ralph L. Chambers, one of the petitioners, placed with the defendant company fifty shares of American Radiator and Standard Sanitary Corporation stock, to be held as collateral security for the purchase of one hundred shares of Commercial Solvents, together with the sum of $400 in cash. *Page 143 
Josephine Levi, the remaining petitioner, parted with twenty-two shares of Socony Vacuum stock which she handed to the defendant to be held as collateral security for the purchase of twenty-two shares of United Aircraft and, in addition the sum of $100 in cash.
It is further stipulated that the defendant company never purchased the one hundred shares of Commercial Solvents nor the twenty-five shares of United Aircraft stock ordered by the respective petitioners and that the defendant company had no authority to sell the shares of stock placed with it as collateral.
Upon the receiver's appointment, he received from Steers 
Davidson, Incorporated, a New York brokerage house, a sum of money approximating $8,771.51, representing the proceeds of the sale of certain shares of stock placed with it by defendant company. Among the shares of stock sold by Steers Davidson, Incorporated, was the stock of Ralph L. Chambers, which was sold for $668.75 and that of Josephine Levi, which was sold for $332.75.
The petitioners now appeal from the receiver's determination wherein he denied them preference over the claims of other claimants to the fund in his hands.
The receiver was appointed under paragraph (a), section 7, of the Securities act, supra, and the funds in his hands are the result of fraudulent activities on the part of the defendant. That paragraph provides that the receiver take into his possession "all the property of every description derived by means of any practice declared to be illegal and prohibited by this act, including also all property with which said property has been mingled, if such property cannot be identified in kind because of such co-mingling, and sell, convey and assign the same, and hold and dispose of the proceeds thereof, under the direction of the court of chancery, for the equal benefit of all who establish an interest therein by reason of the use and employment by the defendant of any practices herein declared to be illegal and prohibited * * *."
The chancellor, delivering the opinion of the court of *Page 144 
errors and appeals in Stevens v. Wallace, 111 N.J. Eq. 406
(at p. 415), in construing paragraph (a), section 7, said: "It appears to us that this language expresses a clear and unmistakable legislative purpose, founded, as we have before shown, upon reason and legal precedent, that all parties who make proof of their claims, arising through such prohibited practices are to share equally in the fund so created and that notwithstanding that their claims may have, by their activity in advance of others of like character, been put in the process of legal proceedings or even reduced to judgment."
The determination of the receiver is affirmed.